**United States Bankruptcy Court**
**SOUTHERN DISTRICT OF CALIFORNIA**

Debtor(s): **Abraham Dolamakian**                    Case Number: **16-04156-CL13**

☑ Check if this is an amended plan

**Mandatory Chapter 13 Plan**
**Dated:  April 19, 2017**

---

**Part 1:  Notices**

---

**To All Parties in Interest:**

The court has provided guidelines for use of this form that can be found in CSD 1300A.

This plan does not provide for avoidance of a lien which impairs an exemption. This must be sought by separate motion.

**To Debtors:**

In some places this form provides you with options. You should carefully consider whether you need to elect among the options. If you do, you should carefully consider which option is appropriate.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**
Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation in accordance with Southern District of California Local Bankruptcy Rule 3015-5 within 7 days after the filing of the Notice of Meeting of Creditors Held and Concluded. Untimely objections may not be considered. Any such objections must be noticed for hearing at least 28 days after filing the objection. The Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015(f). In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you.

*Check all that apply.*

☐        The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☑        The plan sets out nonstandard provisions in Part 9.

---

**Part 2:  Plan Payments and Length of Plan**

---

**2.1  Regular payments**
Debtor(s) will make regular payments to the trustee as follows:
*Complete one.*
$_____ per _____ for 36 months (Applicable commitment period for below median debtor(s))


$**623** per Month for **60** months (Applicable commitment period for above median debtor(s))

$_____ per _____ for _____ months (Despite applicable commitment period of 36 months, debtor(s) seek additional time to cure secured or priority arrearage. If fewer than 60 months of payments are required, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan. If the debtor(s) fail to make these additional payments, the plan will go into default.)

**2.2 Irregular payments.**

Debtor(s) will change the payment amount at different time periods as follows:

| $ 1,170.00 | per | Month | from | May 1, 2017 | to | July 1, 2021 |
|---|---|---|---|---|---|---|

*Insert additional payments as needed.*

**2.3 Manner of payments.**

Regular payments to the trustee will be made from future earnings in the following manner:
   *Check all that apply.*

☑ Debtor(s) will make payments directly to the trustee unless an earnings withholding order is issued by the court.

☐ Other (specify method of payment): _____ .

**2.4 Income tax issues.**
   *Check all that apply.*

☐ Debtor(s) will retain any federal or state tax refunds received during the plan term.

☑ Debtor(s) will supply the trustee with a copy of each federal and state tax return filed during the plan term within 14 days of filing the return.

☐ Debtor(s) will turn over to the trustee all federal and state income tax refunds, other than earned income or child care tax credits, received during the plan term.

☐ Debtor(s) will supply the trustee with federal and state tax returns filed during the plan term and will turn over to the trustee a portion of any federal and state income tax refunds received during the plan term as specified below.

**Debtor(s) must not change their withholding exemptions during the plan term unless there is an appropriate change in circumstances and will timely pay all post-confirmation tax liabilities directly to the appropriate taxing authority as they become due.**

**2.5 Additional payments.**
   *Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.5 need not be completed or reproduced.*

**2.6 The total amount of estimated payments to the trustee provided for in §§ 2.1 through 2.5 is** $__65,277.00__ .

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1 Maintenance of payments and cure of any default.**
   *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☑ The debtor(s) will maintain the contractual installment payments on the claims listed below, with any changes required by the applicable contract, and cure any default in payments on the secured claims listed below. The allowed claim for any arrearage amount will be paid under the plan, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or amended proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. A tardily filed proof of claim will be disallowed unless it is estimated below or unless the debtor(s) brings a motion to allow the claim. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee

rather than by the debtor.

| Name of creditor with last 4 digits of account number | Collateral | Amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Franklin Credit Mngmt Corp 7306 | 11057 Paseo Castanada La Mesa, CA 91941  San Diego County Square Feet: 1635 Sq. Ft. FMV = Zillow.com | $28,791.00 | 0.00% | $799.75 | $28,791.00 |

*Insert additional claims as needed.*

### 3.2 Request for valuation of security and claim modification.

**To determine the proper valuation of real estate secured claims, the debtor(s) must timely file a motion in accordance with Local Bankruptcy Rule 3015-8 in addition to including the creditor in this section of the plan. No such motion is necessary for valuation determinations for personal property secured claims.**

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an    unsecured claim under Part 5 of this plan unless the claim is entitled to priority status, in which case it will be provided in Part 4. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien until the earlier of the following events as applicable to the particular secured creditor: 1) payment of the underlying debt determined under nonbankruptcy law; 2) discharge under 11 U.S.C. § 1328, or 3) completion of payments under the plan if the debtors(s) are not entitled to a discharge. After the date applicable to termination of the lien, it will be released by the creditor unless the claim is a nondischargeable claim owed to a governmental entity. See Local Bankruptcy Rule 3015-8.

*Check one.*

☐   **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑   The debtor(s) request that the court determine the value of the secured claims to be treated in the manner below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as stated below in the column headed *Amount of secured* claim. For secured claims of governmental units, unless otherwise ordered by the court pursuant to a claim objection, the amounts listed in proofs of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below. For each listed secured claim, the controlling amount of the claim will be paid in full under the plan with interest at the rate stated below.

#### 3.2.1 Identify creditor and collateral.

| Name of creditor with last 4 digits of account number | Estimated amount of creditor's total secured claim | Collateral | Value of Collateral | Amount of claims senior to creditor's secured claim |
|---|---|---|---|---|
| Internal Revenue Service | $4,656.11 | | $767,436.38 | $598,116 |

*Insert additional claims as needed.*

#### 3.2.2 Treatment of creditor.

| Name of creditor with last 4 digits of account number | Amount of secured claim | Interest rate as provided by law | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|
| Internal Revenue Service | $4,656 | 0.00% | $77.60 | $4,656 |

*Insert additional claims as needed.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

### 3.4 Surrender of collateral to secured creditors.

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Exclusion of claim from treatment under the plan.

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The claims held by creditors listed below, and creditors which do not timely file a proof of claim, will not be provided for under the plan, and the plan will not affect any of the claimant's rights under applicable law.

| Name of creditor and description of claim | Description of claim |
|---|---|
| **California Republic Bk** | **2009 Smart ForTwo Passion 55924 miles**<br>**Debtor is Legal Owner, all payments made by Debtor's brother who is the equitable owner**<br>**FMV = KBB** |

*Insert additional claims as needed.*

## Part 4:   Treatment of Priority Claims

### 4.1 Treatment of priority claims.

All allowed priority claims other than those treated in §§ 4.5 and 4.6 of the plan will be paid in full without interest.

### 4.2 Interest exception.

If the plan provides interest to unsecured nonpriority creditors, that same rate of interest will be paid to all creditors for which interest is not otherwise specifically provided under this plan.

### 4.3 Trustee's fees.

The trustee will receive a fee, the percentage of which is set by the United States Trustee in accordance with applicable law. Trustee's fees are estimated to be **10.00%** of plan payments; and during the plan term, they are estimated to total **$6,527.70**.

### 4.4 Adequate protection payments.

The trustee will make pre-confirmation adequate protection payments to secured creditor, identified in General Order 175-E, from plan payments received from the debtor(s), as this order may be amended from time to time.

### 4.5 Domestic support obligations.

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### 4.6 Assigned domestic support obligations.

Even if a domestic support obligation claim is not listed here, debtor(s) must nevertheless pay it in full to receive a discharge.

*Insert additional claims as needed.*

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

**4.7 Attorney's fees**

The total amount of attorney's fees to be paid under the plan is estimated to be **$1,463.00**. The balance of the fees awarded by court order to professionals for debtor(s) under 11 U.S.C. § 330 will be paid as follows:

*Check one.*

- ☑ on a *priority* basis before other priority claims other than trustee's fees and adequate protection payments.

- ☐ in installment payments of   $ _____ .

**4.8 Other priority claims.**

All priority claims identified in 11 U.S.C. § 507, including unsecured priority tax claims, are included in this section of the plan.

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.8 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be paid under the plan to be $ **22,699.53**. This sum is a total of all of the priority payments listed below. These Priority claim payments are owed to the following creditors in the following amounts:

Check all that apply.

- ☑ Internal Revenue Service in the estimated amount of          **$22,699.53**

- ☐ Franchise Tax Board in the estimated amount of          $ _____

- ☐ State Board of Equalization in the estimated amount of          $ _____

- ☐ Employment Development Department in the estimated amount of          $ _____

- ☐ County Property Tax Assessor in the estimated amount of          $ _____

- ☐ Other in the estimated amount of          _____ $ _____

**Part 5:   Treatment of Nonpriority Unsecured Claims**

**5.1 General.**

Nonpriority unsecured claims will be paid to the extent allowed as specified in this Part.

**5.2 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified in this plan will be paid, pro rata, all funds remaining after payment of all other creditors provided under the plan. Payments to unsecured creditors will be allowed to the extent paid if an allowed amended, late filed, or late added claim reduces the amount available to unsecured creditors under this section.

Based upon the total payments to the trustee listed in § 2.6 of the plan, minus the payments under the plan on the claims scheduled by the debtor(s) that are provided for in §§ 3.1 through 3.3, Part 4, §§ 5.3 through 5.5, and Part 6 of the plan, the estimated payment to allowed nonpriority unsecured claims not separately classified under the plan is **$907.05** . This amount will be shared on a pro-rata basis on these claims. This amount will not be reduced by claims arising under 11 U.S.C. § 1305 and §§ 507(a)(1)(A) and (B) that are not fully addressed in the plan, but may otherwise increase or decrease.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$907.05**. The total of the payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.**

*Check one.*

☐    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.
☑    Interest on allowed nonpriority unsecured claims that are not separately classified will be paid at an annual
     percentage rate of **3.00** % under 11 U.S.C. §1325(a)(4), and the interest is estimated to total $___**146.36**___.

**5.4 Non-filing co-debtor claim treatment for maintenance of payments and cure of any default on nonpriority unsecured claims.**

   *Check one.*

   ☑        **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.**

   *Check one.*

   ☑        **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6:  Executory Contracts and Unexpired Leases

The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

Check one.

   ☑        **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:  Order of Distribution of Trustee Payments

   Trustee will have discretion to determine the order of distribution within the requirements of applicable law and whether to reserve payment to claims that are subject to a pending objection.

### Part 8:  Vesting of Property of the Estate

Property of the estate will not revest in the debtor(s) until a Chapter 13 discharge is granted or the case is dismissed or closed without a Chapter 13 discharge. Before then, the debtor(s) must seek approval of the court to purchase, sell, or refinance property of a material value, or to enter into loan modifications. Revestment will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law.

### Part 9:  Nonstandard Plan Provisions

*Nonstandard provisions are required to be set forth below.*
**Notwithstanding anything to the contrary in section 5.2 hereinabove, trustee will pay 100% on all allowed non-priority unsecured Creditor claims.**

### Part 10:   Signatures

X    **/s/ Marco A. Torres**                              Date    **April 19, 2017**
     **Marco A. Torres 214805**
**Signature of Attorney for Debtor(s)**

   X    **/s/ Mariam Dolamakian**                          Date    **April 19, 2017**
        **Mariam Dolamakian**
        **Signature of Debtor (required)**

**CSD 1170** [08/28/14]
Name, Address, Telephone No. & I.D. No.
**Marco A. Torres 214805**
**3130 Bonita Road**
**Suite 108**
**Chula Vista, CA 91910**
**619-849-8849**
**214805**

# UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

**Mariam Dolamakian**

BANKRUPTCY NO. **16-04156-CL13**

Debtor.

## NOTICE OF MODIFIED CHAPTER 13 PLAN
## PRIOR TO CONFIRMATION

TO: David L. Skelton, Chapter 13 Trustee; and all other parties in intereest.


YOU ARE HEREBY NOTIFIED that the attached Modified Chapter 13 Plan of the above-named Debtor(s) dated **April 19, 2017** has been filed with the Court under the provisions of 11 U.S.C. §1323 whereupon the Plan as modified became the Plan of the Debtor(s) and will be considered at the

[ ]     §341(a) Meeting of Creditors[1] or

**[X]**     Confirmation Hearing now set for  **May 10, 2017** , at **10:00 a** .m., in Department No. **5** , Room 318, of the Jacob Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California 92101-6991.

YOU ARE FURTHER NOTIFIED that 11 U.S.C. §1323(c) provides that: *"Any holder of a secured claim that has accepted or rejected the plan is deemed to have accepted or rejected, as the case may be, the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection."*

Any opposition or other response to the Modified Chapter 13 Plan must be served upon the undersigned, the debtor, and the Chapter 13 trustee, and the original and one copy of such papers with proof of service must be filed with the Clerk of the United States Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991.

DATED: **April  19, 2017**

**/s/ Marco A. Torres**
**Marco A. Torres 214805**

---

[1] §341(a) Meeting set for _____ at _____ .m., at _____

### IF MODIFYING PLAN **AFTER** CONFIRMATION PER §1329, USE LOCAL FORM CSD 1149.
**CSD 1170**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on __April 19, 2017__ , I served a true copy of the within NOTICE OF
MODIFIED CHAPTER 13 PLAN PRIOR TO CONFIRMATION by [describe here mode of service]:
VIA Electronic Filing ("ECF") and/or Bankruptcy Noticing Center ("BNC")

on the following persons [set forth name and address of each person served] and/or as checked below:

☐ For ODD numbered Chapter 13 cases:
THOMAS H. BILLINGSLEA, JR., TRUSTEE
401 West "A" Street, Suite 1680
San Diego, CA 92101

☑ For EVEN numbered Chapter 13 cases:
DAVID L. SKELTON, TRUSTEE
525 "B" Street, Suite 1430
San Diego, CA 92101-4507

SEE ATTACHMENT

I certify under penalty of perjury that the foregoing is true and correct.

Executed on __April 19, 2017__
(Date)

**/s/ Marco A. Torres**
**Marco A. Torres 214805**
**The Law Office of Marco A. Torres**
**3130 Bonita Road**
**Suite 108**
**Chula Vista, CA 91910**
Address

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                      Best Case Bankruptcy



Deutsche Bank National Trust Company, as Cer
The Law Offices of Michelle Ghidotti
5120 E. La Palma
Suite 206
Anaheim Hills, CA 92807-2091

Deutsche Bank National Trust Company, as Cer
c/o The Wolf Firm
2955 Main Street, Second Floor
Irvine, CA 92614-5909

U.S. Bankruptcy Court
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101-6991

Ally Financial
Po Box 380901
Bloomington, MN 55438-0901

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Bombay/Prism/Citibank
Po Box 20507
Attn: Centralized Bankruptcy
Kansas City, MO 64195-0507

Bosco Credit II, LLC
C/O The Wolf Firm, A Law Corporation
Attorneys to the Financial Services Indu
2955 Main Street, 2nd Floor
Irvine, CA 92614-2528

Bsi Financial Services
314 S Franklin Street
Titusville, PA 16354-2168

California FTB
PIT Bankruptcy
P.O. Box 2952
Sacramento, CA 95812-2952

California Republic Bk
1400 Newport Center Drive
Newport Beach, CA 92660-0943

Capital One
Po Box 30285
Salt Lake City, UT 84130-0285

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-1340

Cavalry SPV I, LLC
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712-1083

Chase
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Chase Bank
3415 Vision Dr.
Columbus, OH 43219-6009

Chase Mtg
Po Box 24696
Columbus, OH 43224-0696

DSRM National Bnk
Po Box 631
Amarillo, TX 79105-0631

Deutsche Bank National Trust Company
c/o LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA 92807-2091

Downey S & L
Pob 6060
Newport Beach, CA 92658-6060

(p)FRANKLIN CREDIT MANAGEMENT CORP
101 HUDSON STREET
25TH FLOOR
JERSEY CITY NJ 07302-3984

Franklin Credit Mngmt Corp
PO Box 2300
Jersey City, NJ 07303-2300

Greenwood Memorial Park
4300 Imperial Ave.
San Diego, CA 92113-1900

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Kohls/Capital One
Po Box 3120
Milwaukee, WI 53201-3120

Mabt - Genesis Retail
Bankcard Services
Po Box 4477
Beaverton, OR 97076-4401

Michelle R. Ghidotti-Gonsalves, Esq.
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA 92807-2091

Progressive Management Systems
1521 W Cameron Ave
1st Floor
West Covina, CA 91790-2738

Santander Consumer USA
Po Box 961245
Fort Worth, TX 76161-0244

Synchrony Bank/Walmart
Po Box 965064
Orlando, FL 32896-5064

The Wolf Firm
2955 Main St., 2nd Flr.
Irvine, CA 92614-2528

(p)TOYOTA MOTOR CREDIT CORPORATION
PO BOX 8026
CEDAR RAPIDS IA 52408-8026

United States Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

Visa Dept Store National Bank
Attn: Bankruptcy
Po Box 8053
Mason, OH 45040-8053

Abraham Dolamakian
11057 Paseo Castanada
La Mesa, CA 91941-7330

David L. Skelton
525 B St., Suite 1430
San Diego, CA 92101-4432

Marco A. Torres
The Law Office of Marco A. Torres
3130 Bonita Road, Suite 108
108
Chula Vista, CA 91910-3263

Mariam Dolamakian
11057 Paseo Castanada
La Mesa, CA 91941-7330

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bmw Financial Services
Attn: Bankruptcy Department
Po Box 3608
Dublin, OH 43016

Franklin Credit Management Corporation
101 Hudson Street, 25th, Floor
Jersey City, NJ 07302

Internal Revenue Service
Central Insolvency Operations
PO Box 21126
Philadelphia, PA 19114

Toyota Motor Credit Co
Toyota Financial Services
Po Box 8026
Cedar Rapids, IA 52408